United States District Court
For the Northern District of California

1
2
3
4
5           UNITED STATES DISTRICT COURT
6           NORTHERN DISTRICT OF CALIFORNIA
7
8
9
10
11  FEDERAL HOME LOAN MORTGAGE
    CORPORATION,
12          Plaintiff,                    No. C 11-5131 PJH
13      v.                                **ORDER GRANTING MOTION
                                          TO REMAND**
14  RITA HERRERA, et al.,
15          Defendant.
    _____/
16

17      Defendant Daniel Gonzalez removed this unlawful detainer action from the Superior
18  Court of California, County of Stanislaus, on October 19, 2011, alleging federal question
19  jurisdiction. On November 11, 2011, plaintiff Federal Home Loan Mortgage Corporation
20  filed a motion to remand for lack of subject matter jurisdiction.
21      The court has reviewed the notice of removal, the state court complaint, and the
22  plaintiff's motion, and finds that the motion must be GRANTED, and the case must be
23  remanded for lack of subject matter jurisdiction.
24      Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R.,
25  868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which
26  the Constitution and Congress authorize them to adjudicate – those involving diversity of
27  citizenship or a federal question, or those to which the United States is a party.
28  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-

Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

Plaintiff filed the complaint at issue in Stanislaus County Superior Court on May 2, 2011, against defendants Rita Herrera, Sandra Rangel, and ten DOE defendants. The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property to FHLMC on December 16, 2010. A copy of the complaint, and a copy of the Trustee's Deed Upon Sale (recorded in the Official Records of the County of Stanislaus on December 28, 2010), are attached as exhibits to the notice of removal.

The complaint asserts that following the sale, on January 22, 2011, defendants were served with a 90-day written notice to vacate the premises, and that defendants failed to comply with the notice to vacate, which expired on April 24, 2011, and unlawfully remained in possession of the property as of the date of filing of the complaint.  After the complaint was filed, Daniel Gonzalez entered an appearance, seeking an order quashing service of summons, claiming that he had not properly been served with the summons and complaint.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331.  Daniel Gonzalez, the removing defendant, asserts that jurisdiction is proper under the laws of the United States, based on alleged violations of his rights under federal law.  He alleges that he is a tenant at the property in question, and that in seeking to evict him, plaintiff has failed to comply with provisions of the federal Helping Families Save Their Homes Act of 2009.

However, while Mr. Gonzalez purported to remove the action under federal question jurisdiction by asserting that he has claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a.  As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.[1]

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00.  The complaint specifies on the caption page that the demand "does not exceed $10,000."  The complaint seeks restitution of the premises, and damages in the amount of $28.80 per day from April 25, 2011, up to the date of judgment, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $28.80 per day that FHLMC is seeking in damages.  Thus, liability does not exceed $75,000.00.

---

[1] Moreover, the Federal Home Loan Mortgage Corporation is not considered a federal agency.  See American Bankers Mortg. Corp. v. Federal Home Loan Mortgage Corporation, 75 F.3d 1401, 1406-09 (9th Cir. 1996).

Accordingly, as the court lacks subject matter jurisdiction, and would have no power to consider any of defendants' claims or defenses, the motion to remand is GRANTED. The action is hereby REMANDED to the Stanislaus County Superior Court.

The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: November 16, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge